THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. VÍCTOR RODRÍGUEZ OTERO, Defendant and Appellant.

No. CR-63-331.     Decided September 30, 1964.

*Gustavo L. Marrero Ledesma* for appellant. *J. B. Fernández
Badillo, Solicitor General,* and *Américo Serra, Assistant
Solicitor General,* for The People.

Division composed of Mr. Chief Justice Negrón Fernández,
Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM: 1.—At the trial held in the Superior Court,
San Juan Part, which culminated in the conviction of appel-
lant, Víctor Rodríguez Otero, for murder in the second
degree, the prosecuting attorney offered the testimony of
Dr. Victoria M. Peralta, who made the autopsy of the de-
ceased. One of the assignments of errors in the present
appeal challenges the admission of said testimony attribu-
ting lack of capacity to the witness on the grounds that
(a) Dr. Peralta was not licensed to practice medicine in
Puerto Rico because she was a foreign citizen graduate of
the University of Santo Domingo, and (b) because she was
not a forensic doctor.

As the representative of the Solicitor General indi-
cates, the qualification of a doctor as expert does not depend
entirely on the fact that he has or has not been licensed
to practice his profession in a determined place, but rather
on his education, training, and experience. The guarantee
of competence is not inherent in the mere fact of the com-
pliance with determined statutory requirements, some of
which—like citizenship in this case—bear no relation with
the fitness for the technical opinion. Wharton, in his work
Criminal Evidence (12th ed.), Vol. 2, § 507, states the
following:

"In the case of medical witnesses offered as experts, the
test is whether the witness is familiar with such laws of the
medical profession as bear upon the issue . . .

"Practice, however, in such specialty is not a requisite to

admissibility if the specialty has been made the object of study, nor does the qualification of a witness to testify depend entirely upon the fact that he has or has not been licensed to practice medicine in the state, but rather, upon whether or not his education, training, and experience are such as to qualify him to express an opinion on the points about which he is interrogated."

See, *State* v. *James*, 388 P.2d 806 (Ariz. 1964); *Pierce* v. *State*, 371 P.2d 924 (Okla. 1961); *Andrews* v. *State*, 296 S.W.2d 275 (Texas 1956); cf. *Sáez* v. *Municipality of Ponce*, 84 P.R.R. 515 (1961).

■ In addition to the fact that Dr. Peralta, because she is a foreign citizen, was licensed to practice medicine in Puerto Rico in public charity, pursuant to the provisions of Act No. 383 of April 22, 1946 (Sess. Laws, p. 1036),[1] her testimony conclusively reveals that she had the necessary experience and training to qualify as an expert. After obtaining her degree she studied pathology for three years in the New York City Hospital and had taken part in more than 500 autopsies.

■ As to the second aspect of this error, it suffices to say that § 1 of the Clinical Autopsies Act, No. 33 of April 28, 1927, 24 L.P.R.A. § 311, expressly authorizes post-mortem examinations and clinical autopsies by surgeons legally licensed in the profession in Puerto Rico, in cases—as the present one—of corpses of persons dying in charitable institutions, clinics, or other institutions engaged in the care of the sick. See, also, § 12A of Act No. 206 of May 15, 1943, added by Act No. 161 of May 11, 1948, 18 L.P.R.A. § 708. The error assigned was not committed.

■ 2.—The other error assigned is that the evidence was doubtful, improbable, and insufficient, and therefore, does not justify conviction. Really, there is a conflict in the evi-

---

[1] Said law was superseded by Act No. 96 of June 29, 1963 (Sess. Laws, p. 292).

dence which was settled by the jury. We have read the transcript of evidence and have been impressed with the firmness and clarity with which a ten-year-old girl—the only eyewitness of the facts—narrates her version of what she saw. The evidence for the defense tended to establish that said witness was not at the place and time of the occurrence of the crime, but the small details of the testimony of the witness for the defense, far from discrediting, affirms the minor's testimony. On the other hand, they also failed in the intent to prove an alibi, because the version of the other witness for the defense did not exclude the possibility that appellant was at the scene of the crime at the time where he was located by the evidence for the prosecution. We have no doubt that the jury acted soundly in its appraisal.

The judgment rendered by the Superior Court, San Juan Part, on February 6, 1961 will be affirmed.